PHILLIPS–VAN HEUSEN CORPORATION, a Foreign Corporation, Plaintiff and Appellee,

v.

SHARK BROTHERS, INC., and Kingsman Co., Inc., a domestic corporation, Defendant and Appellant.

ENRO SHIRT COMPANY, a Foreign Corporation, Plaintiff and Appellee,

v.

SHARK BROTHERS, INC., and Kingsman Co., Inc., a domestic corporation, Defendant and Appellant.

Civ. Nos. 9653, 9654.

Supreme Court of North Dakota.

Feb. 14, 1980.

Rehearing Denied Feb. 28, 1980.

E. Jean Bartlett, Devils Lake, for Phillips-Van Heusen Corp. and Enro Shirt Co., plaintiffs and appellees.

Myer R. Shark, Fargo, for Shark Brothers, Inc., defendant and appellant.

SAND, Justice.

Both cases, by order of this court, were consolidated for appeal and are in substance identical except as to amount and name of the plaintiff party. (They had been consolidated for trial.) Phillips-Van Heusen Corporation [Van Heusen] and Enro Shirt Company [Enro], each a foreign corporation and general creditor of Kingsman Co., Inc. [Kingsman], a domestic corporation, brought separate actions for the balance due on an open account for merchandise sold and delivered to Kingsman, doing business as Shark's Mens Store in the city of Devils Lake. Both actions were commenced simultaneously in December by serving complaints upon Kingsman and Shark Brothers Incorporated [Shark].

Shark in both actions made a motion for summary judgment to dismiss the action against Shark and served it by mail upon attorneys for Van Heusen and Enro on 12 Apr 1978. The grounds given for summary judgment stated that neither company had complied with § 10–22–01, North Dakota Century Code, and, therefore, under § 10–22–19, NDCC, had no right to bring the action, that the complaint stated no cause of action against Shark, and that Shark did not agree to pay debts of Kingsman.

Van Heusen and Enro separately made motions to the court to amend the complaint to show that both Enro and Van Heusen did not have a business located in the State of North Dakota, but operated in interstate commerce. The motion was served by mail upon opposing counsel on 8 May 1978.

The summary judgment was entered on 24 May 1978, and served by mail on opposing counsel on 31 May 1978, dismissing the action against Shark with prejudice in both cases. The summary judgment, however, did not affect the action against defendant Kingsman, nor did it dispose of the alleged agreement between Shark and Kingsman. The amended complaint (regarding doing interstate business) was served by mail on 1 June 1978 upon attorneys for the defendants, including Shark's attorney. On appeal, counsel for the two companies stated

that service upon counsel for Shark was made as a courtesy.

Shark's and Kingsman's answers to the amended complaint were served by mail upon counsel on 23 June 1978.

Enro and Van Heusen separately filed motions for a summary money judgment against Kingsman, together with motions to amend "Caption of amended complaint" to remove Shark as party defendant, and motions for a protective order, enjoining Shark from its proposed discovery proceedings, which were served by mail upon opposing counsel on 18 Apr 1979.

Separate summary money judgments in favor of Enro and Van Heusen against defendant Kingsman were granted and entered and served by mail on opposing parties on 30 Apr 1979. The court did not rule on the motion to amend the caption of the complaint. The judgment still showed Shark as a party defendant. This was corrected later by court order of 12 June 1979 by eliminating Shark as a party defendant pursuant to a previous motion. (This could also have been taken care of by a Rule 60(b), N.D.R.Civ.P., motion.)

Shark, on 28 June 1979, appealed from the summary judgment dated 30 Apr 1979. The summary judgment dismissing the action against Shark was not appealed.

On appeal Shark contended that when the first amended complaint (stating Enro and Van Heusen did business in interstate with Shark and Shark was still shown in the title of the action as a party defendant) was served upon the attorneys it reinstated the action against Shark, even though summary judgments of dismissal with prejudice were entered dismissing Shark from the actions.

Regarding the amended complaint after the judgment of dismissal with prejudice and the effect thereof, Rule 15 of the North Dakota Rules of Civil Procedure, sheds some light on the situation. It was derived from Rule 15, Federal Rules of Civil Procedure, and, therefore, the construction and interpretations placed upon the federal rules by the federal courts are entitled to

great weight in interpreting and construing the State Rule 15.

In *Roque v. City of Redlands,* 79 F.R.D. 433 (1978), the United States District Court, C.D.California, said:

"The Court may consider a rule 15(a) motion for leave to amend which follows an order or judgment of dismissal only if the Court first alters, vacates, or sets aside the order or judgment under either rule 59 or rule 60(b). *See* 3 Moore's Federal Practice ¶ 15.10 at 959; C. Wright and A. Miller, Federal Practice and Procedure § 1489 at 445 (1971)."

The court continued by saying:

"In this case, the plaintiff has not even moved under either rule 59 or 60(b) in connection with the city, police department, or mayor. In addition, the Court has already denied the plaintiff's motions under rules 59(e) and 60(b) with respect to defendant Brickely. Thus, since the Court has not altered, vacated, or otherwise set aside its prior order of dismissal with prejudice, the Court lacks the power to consider the rule 15(a) motion."

This rule applies to the instant case.

In *Playstray Corporation v. Cole,* 324 Mich. 433, 37 N.W.2d 162 (1949), the Supreme Court of the State of Michigan in substance held that after an order dismissing a bill [complaint] had been entered plaintiffs could not without leave granted by the court file an amended bill [complaint].

Volume 61 Am.Jur.2d *Pleadings* § 316, page 722, states:

"After a judgment of dismissal has been entered on a plea of abatement, demurrer, or motion, it is the general rule, in the absence of unusual circumstances, that no amendment can be made without the vacation or setting aside of such judgment, except to correct clerical mistakes. The reason most frequently given for this rule is that the judgment of dismissal terminates the cause of action, and there is consequently nothing in the original cause which is amendable."

■ In the instant case, the judgment of dismissal with prejudice did not apply to the entire complaint or cause of action but merely to one of the party defendants, namely Shark. The legal consequence of the dismissal after entry of judgment without taking an appeal or without vacating or setting aside the judgment of dismissal was that Shark was no longer a party to the action. This is true even though the judgment showed Shark as a party defendant.

Neither Enro nor Van Heusen made a Rule 15 motion, nor did they comply with it. It also appears obvious that neither Enro nor Van Heusen intended to bring Shark back in as a party defendant. If they had, it would seem that they could have made an appropriate motion.

The phrases "with prejudice" and "without prejudice," depending on the circumstances when they are used, usually convey a definite meaning.

In *Danks v. Holland,* 246 N.W.2d 86 (N.D. 1976) this court held that a judgment entered without prejudice is appealable, and in a footnote observed that the order dismissing a complaint leaves open the merits of the claim which may be asserted in a separate action. In the instant case the judgment of dismissal was with prejudice, which usually makes the issue res judicata.

■ The affirmative defense of res judicata which must be pleaded as required by Rule 12(b), NDRCivP, was affirmatively asserted in paragraph VIII of the answer of Shark to the amended complaint. This satisfies the rule even though paragraph VII of the answer which alleges that Shark is the owner of all of the issue of common stock of Kingsman, and, therefore, is entitled to appear ". . . to resist the claim" which seems inconsistent with paragraph VIII of the answer to the amended complaint.

In *Mongeon v. Burkebile,* 55 N.W.2d 445 (N.D.1952), Chief Justice Morris discussed the effect of the phrase dismissal "with prejudice." On page 451, he said:

"The dismissal of an action or proceeding 'with prejudice' commonly implies not

only the termination of the particular action or proceeding then before the court but also the right of action upon which it is based. [Citations omitted.] From these authorities we conclude that where an order is entered at the request of the plaintiff, understandingly made, dismissing his action 'with prejudice,' the dismissal goes to the cause of action and becomes res judicata with respect to the issues brought before the court by the action. The words 'with prejudice' appearing in a motion or order for dismissal are not always conclusive against the plaintiff. Their effect is determined by the conditions under which they are used."

Volume 46 Am.Jur.2d, *Judgments,* § 482, page 645, states:

The term 'with prejudice,' expressed in a judgment of dismissal, has a well-recognized legal import; it is, of course, the converse of 'without prejudice' and indicates an adjudication of the merits, operating as res judicata, concluding the rights of the parties, terminating the right of action, and precluding subsequent litigation of the same cause of action, to the same extent as if the action had been prosecuted to a final adjudication adverse to the plaintiff. Accordingly, a judgment so rendered operates, in a subsequent action on the same cause of action, so as to conclusively settle not only all matters litigated in the earlier proceedings, but also all matters which might have been litigated therein." [1]

■ The explanation of Enro and Van Heusen that the amended complaint was served upon Shark as a courtesy comports with the basic concept that a new action is not started or an action is not renewed by serving a complaint upon the dismissed party even though the title of the complaint continues the name of the dismissed party as a party defendant.

■ Shark, having been removed as a party to the action by a summary judgment which has not been vacated, cannot be reinstated by serving upon it an amended complaint in the same action nor can it reinstate itself by filing and serving an amended answer to the amended complaint under the guise or contention that Shark is the sole stockholder of the issued common stock of Kingsman, a named defendant.

Shark, having moved for a summary judgment to be dismissed as a party defendant in the action cannot ignore the judgment granted pursuant to its motion. Shark, of course, could have brought a motion to correct the judgment and also to amend the complaint to conform to the judgment of dismissal with prejudice.

Shark contended and argued that it had a right to appear and resist plaintiffs' actions for the reason of its ownership of all the common stock issued by Kingsman. The argument clearly expressed the view that Shark not only had a right to be present at any proceedings but had a right to participate as a party defendant as an extension of Kingsman. This is evident from the appeal taken by Shark from the summary judgment against Kingsman. This contention does not have merit.

■ A corporation may sue or be sued, complain or defend, in its corporate name. § 10–19–04(2), NDCC.

The answer to the amended complaint served on 23 June 1978 stated that Shark owned all of the issued common stock of Kingsman. We have not been provided, nor do we have, information as to what kind of stock other than common stock Kingsman issued.

Shark did not attempt to interplead on behalf of Kingsman. It merely stated that Shark owned all of the common stock issued. The record discloses that Kingsman had been placed in receivership as a result

1. See Annot. 54 ALR2d 473, 498, particularly where the dismissal is for lack of prosecution. The authorities are not in accord with each other that the matter is res judicata, even though the dismissal contains the phrase "with prejudice." But this is not the situation here. In the instant case, a judgment of dismissal was the result of a motion for summary judgment, which judgment was not appealed.

of another earlier action and was represented by separate counsel in the instant matter. In effect, the attorney for Shark is in a manner attempting to take over the legal duties and responsibilities of the receiver of Kingsman and the receiver's attorney.

■ The State has plenary power and control over corporations, including stockholders' actions.

Section 10–19–48, NDCC, sets forth the conditions which must be met to bring an action by a shareholder (stockholder).

While § 10–19–48, NDCC, permits certain actions in the corporate name by shareholders (stockholders), the proceedings as proposed by Shark do not come within this section. Neither has Shark provided this court with any authority which supports its position or contentions.

■ It is a firmly recognized rule of law which needs no citation that the directors and officers manage the affairs of a corporation even though the stockholders have a voice in determining who shall be the directors and the officers.

Volume 19 Am.Jur.2d *Corporations* § 540, page 76, states;

"The courts will not ordinarily entertain a derivative suit by a stockholder in behalf of the corporation unless it plainly appears that all remedies within the corporation itself have been resorted to in vain. It is declared generally that before a stockholder may institute a derivative action, he must make a demand upon the corporation to commence the action, unless such demand would be futile. The rule, as expressed or recognized in a number of cases, is that a demand on the corporate directors, officers, or management to bring suit and their wrongful refusal to do so is necessary before a stockholder may maintain a suit in behalf of the corporation, in the absence of circumstances excusing such demand."

In the instant case we have not even a hint that Shark, as stockholders of Kingsman, made any demand upon Kingsman to bring or to do a certain legal matter with reference to the instant action. Further-

more, Kingsman has been placed in receivership. The receiver secured the services of an attorney. No showing has been made by anyone that the attorney is not performing his duty properly in accordance with law, and that the stockholders are not adequately protected or represented by the attorney appointed by the receiver.

■ We necessarily conclude that Shark did not comply with § 10–19–48, NDCC, nor has it made any showing to justify the contention that Shark, as the sole owner of the common stock issued by Kingsman is entitled to appear through its attorney on behalf of Kingsman, which is in receivership and is represented by counsel.

Shark also contended that the cases were not ripe or proper for summary judgments in favor of Enro and Van Heusen each separately.

Both Enro and Van Heusen separately filed motions for summary judgment in the separate actions. The separate motions were supported by affidavit. Shark did not respond by affidavit or comparable documents as required by Rule 56, NDRCivP, but merely relied upon the allegations and denials in the pleadings.

■ Whenever a motion for summary judgment is made and supported by proper affidavits, the adverse party may not rest upon the allegations or denials of the pleadings, but must respond by affidavit or otherwise, as provided by the rules and must set forth specific facts showing there is a genuine issue of fact for the trial court. Otherwise, if the case is appropriate for summary judgment, and there is no genuine issue of fact but only an issue of law, the summary judgment may be entered against the adverse party. *Schoonover v. Morton County*, 267 N.W.2d 819 (N.D.1978).

■ Independent of the rule on summary judgment, Shark had no standing in the lawsuit after the judgment of dismissal with prejudice was issued by the court from which no appeal was taken.

■ While the liberal concept of pleading will permit inconsistent alterna-

tive pleading, such concept will not permit a party to pursue the inconsistent alternatives at that same time. Inconsistent alternative pleading is permitted in certain instances to allow the party to select in the alternative an ultimate solution at a crucial point and obtain one or the other relief, but is not designed to permit the party to obtain relief of both at the same time. If a party could obtain inconsistent alternative relief at the same time, utter chaos and confusion would result. This is apparently what Shark attempted to do in this case. The contention by Shark that the case is not ripe for summary judgment is without merit for at least two reasons: (1) Kingsman did not respond, as the rule requires, by filing an affidavit in response to the motion and affidavit of the movant for summary judgment, but rested on denials in the pleadings, and (2) Shark had no standing to challenge the summary judgment of dismissal which it sought and was in no position to appeal the summary judgment which was issued because it had no standing as a party to the action.

The judgments in favor of Enro and Van Heusen were corrected pursuant to motion by deleting Shark as a party defendant before the appeal was taken. The court correctly stated in its order correcting the judgment that Shark had no standing to resist the motion. We agree.

The appeal is dismissed.

PEDERSON, Acting C. J., VANDE WALLE and PAULSON, JJ., and GERALD G. GLASER, District Judge, concur.

GLASER, District Judge, sitting in place of ERICKSTAD, C. J., disqualified.