John A. NEUNER, Plaintiff and Appellee,

v.

Melvin BALLANTYNE and Russell Ballantyne, Defendants and Appellants.

Civ. No. 10388.

Supreme Court of North Dakota.

June 30, 1983.

As Amended July 6, 1983.

Jonathan C. Eaton, Jr., of Eaton, Van de Streek & Ward, Minot, for plaintiff and appellee.

Richard B. Thomas, Minot, for defendants and appellants.

VANDE WALLE, Justice.

Melvin and Russell Ballantyne appealed from a summary judgment granted by the district court, Bottineau County, in favor of John A. Neuner. We affirm.

## I. FACTS

On December 1, 1956, Neuner sold a parcel of land to Melvin and Russell Ballantyne under a contract for deed. In the contract and a subsequent warranty deed, Neuner reserved a one-fourth mineral interest in the land conveyed. In addition, both the contract for deed and the warranty deed contained the statement that only the surface rights to the land in question were intended to be conveyed by the grantor, Neuner.

Neuner states that at the times of the execution of the contract for deed and the warranty deed, he believed that by reserving a one-fourth mineral interest in the land conveyed he was reserving all the mineral interest he had in the land. Neuner was mistaken in his belief, however, because in fact he had a one-half interest in the minerals subject to a 3⅛ percent royalty interest which had been reserved by a previous grantor. Neuner's mistaken belief apparently was due to his misunderstanding of the legal effect of the 3⅛ percent royalty reservation.

The attorney who drafted the contract for deed states that Neuner desired to reserve all of his mineral interest in the land and to convey only the surface rights, but Neuner incorrectly stated he owned only a one-fourth mineral interest.

Consequently, when a landman who had completed a title search on the land in-

formed Neuner that by reserving a one-fourth mineral interest Neuner had not reserved his entire mineral interest, Neuner commenced a quiet-title action against the Ballantynes to establish Neuner's ownership of the one-half mineral interest.

In their answer to Neuner's complaint, the Ballantynes denied they had claimed any mineral interest, but also stated they could not say with certainty that Neuner is the owner of a one-half mineral interest in the land in question. The Ballantynes concluded their answer by denying Neuner had a one-half mineral interest.

On November 1, 1982, Neuner moved for summary judgment. In support of the motion, he submitted an affidavit, a copy of a letter written by the attorney who drafted the contract for deed, and a brief. All these materials supported Neuner's contention that no mineral interest was intended to be conveyed by the contract for deed or the warranty deed.

From the date of the motion, November 1, 1982, until the date of the order for summary judgment, November 17, 1982, the Ballantynes did not respond to the motion either by affidavit, brief, or otherwise. Judgment was entered on December 6, 1982, which quieted title to the mineral interest in Neuner against any claims made by the Ballantynes and which awarded costs and disbursements including motion costs in the amount of $579.50.

The Ballantynes raise two issues on appeal:

(1) Did the trial court err in granting summary judgment; and

(2) Were the motion costs assessed against the Ballantynes excessive or improper?

## II. SUMMARY JUDGMENT

In *Breene v. Plaza Tower Assn.,* 310 N.W.2d 730, 733 (N.D.1981), this court generally defined "summary judgment" as

"a procedural device available for the prompt and expeditious disposition of a controversy without a trial if there is no dispute as to either the material facts and the inferences to be drawn from undisputed facts, or whenever only a question of law is involved."

■ Moreover, we have consistently held that the party moving for summary judgment has the burden of showing there is no genuine issue of fact to be decided. *Johnson v. Haugland,* 303 N.W.2d 533 (N.D. 1981).

■ The Ballantynes argue that summary judgment was inappropriate in this case because Neuner failed to establish the absence of a genuine issue of fact. We disagree.

In deciding the motion for summary judgment, the trial judge expressed an intention to follow the procedure set forth in Rule 3.2(a), N.D.R.O.C., which requires (1) the moving party to submit a brief in support of the motion, and (2) the adverse party to submit an answer brief. Neuner complied with the rule by submitting a brief with the notice of motion for summary judgment. The Ballantynes, however, did not submit an answer brief nor do they give a reason for failing to do so.

Rule 3.2(d), N.D.R.O.C., states, in part: "Failure to file a brief by the adverse party is an admission that, in the opinion of counsel, the motion is meritorious." The Ballantynes' failure to submit an answer brief, therefore, operated as an admission that the intention of the contracting parties was that the Ballantynes would receive only the surface rights and no interest whatsoever in minerals to the land in question, and that Neuner intended to reserve whatever mineral interest he had when he conveyed the land to the Ballantynes.

■ In view of (1) the brief, affidavit, and letter of the attorney who drafted the contract for deed which were filed in support of the motion for summary judgment and which explained the intent of the parties to the contract for deed, (2) the statement in the contract for deed and the warranty deed that only the surface rights to the land were intended to be conveyed, (3) the Ballantynes' denial in their answer that they have claimed any mineral interest, and

(4) the Ballantynes' effective admission that the motion for summary judgment is meritorious, we conclude that Neuner had adequately proved that he and the Ballantynes intended by the contract for deed and the warranty deed that the Ballantynes would receive only the surface rights to the land and no mineral interest. Accordingly, we hold that Neuner had satisfactorily shown there was no genuine issue of fact, and therefore the motion for summary judgment was appropriately granted. See *Phillips-Van Heusen Corp. v. Shark Bros.,* 289 N.W.2d 216 (N.D.1980); Rule 56(e), N.D.R. Civ.P.

## III. MOTION COSTS

Upon deciding to grant Neuner's motion for summary judgment, the trial judge asked Neuner's attorney to prepare an affidavit setting forth motion costs. In the affidavit, Neuner's attorney stated he spent a total of seven hours working on the lawsuit at a rate of $75 an hour, which amounts to $525. The court directed in its order for summary judgment that the plaintiff, Neuner, was to receive costs and disbursements including motion costs in the amount of $525. The judgment itself awarded Neuner $579.50, $525 representing motion costs and $54.50 representing other costs and disbursements.

The Ballantynes now argue that either the motion costs awarded were excessive and should have been limited by Sections 28–26–02 or 28–26–18, N.D.C.C., or that the motion costs represented compensation for attorney fees and as such were improperly awarded because no statutory authority exists for allowing attorney fees as motion costs in the context of the present case.

Our review of the record shows that a copy of the affidavit prepared by Neuner's attorney asking for motion costs for seven hours of work at $75 an hour was mailed to the Ballantynes on November 23, 1982. Furthermore, Neuner mailed to the Ballantynes on December 2, 1982, nearly two weeks before the date set for the retaxation of costs and disbursements, a copy of the order for summary judgment which includ-ed an award of $525 for motion costs, a copy of the judgment which included an award of $579.50 for costs and disbursements including motion costs, and a copy of the notice of entry of judgment and retaxation of costs which stated that costs would be retaxed on December 13, 1982. See Rule 54(f), N.D.R.Civ.P.

The Ballantynes made no response. They did not object to the assessment of costs and disbursements; they did not make a motion pursuant to Section 28–26–16, N.D. C.C., to have the taxation of costs reviewed by the district court; and they did not file a notice of appeal in conformity with Rule 54(e), N.D.R.Civ.P., to have the district court review the insertion in the judgment of costs and disbursements in the sum of $579.50.

Whether or not the award of costs and disbursements, including motion costs, in the amount of $579.50 was excessive or improper, we have held that a party's failure to secure a review in the district court of the clerk's taxation of costs and disbursements bars him from seeking a review of the taxation of costs and disbursements in this court. *Samuels v. White Shield Public Sch. Dist.,* 297 N.W.2d 421 (N.D.1980); *Peterson v. Hart,* 278 N.W.2d 133 (N.D.1979); *Curns v. Martin,* 193 N.W.2d 214 (N.D. 1971). Therefore, we affirm the award in the judgment of $579.50 for costs and disbursements.

The judgment entered pursuant to the order for summary judgment is affirmed in all respects.

ERICKSTAD, C.J., and PEDERSON, SAND and PAULSON, JJ., concur.