HASTINGS PORK, a Nebraska partnership, Plaintiff and Appellee,

v.

Kent JOHANNESON, Defendant,

and

Richard D. Olson, Defendant and Appellant.

Civ. No. 10861.

Supreme Court of North Dakota.

Aug. 15, 1985.

LaRoy Baird III, of Rosenberg & Baird, Bismarck, for plaintiff and appellee.

Thomas F. Kelsch, of Kelsch, Kelsch, Bennett, Ruff & Austin, Bismarck, for defendant and appellant Richard D. Olson.

VANDE WALLE, Justice.

Richard D. Olson[1] appealed from a corrected judgment on remittitur, raising as error the trial court's refusal to amend the judgment to reduce the amount of prejudgment interest. We reverse and remand for further proceedings.

This is the second appeal to this court involving a settlement agreement between these parties. The decision on the first appeal is found in *Hastings Pork v. Johanneson*, 335 N.W.2d 802 (N.D.1983).

This appeal involves the meaning of a footnote contained in that opinion as construed by the trial court after remand. In that opinion a majority of this court affirmed a summary judgment enforcing a settlement agreement between Hastings Pork as one party and Kent Johanneson and Olson as the other parties. At footnote 3, 335 N.W.2d at 804–805, the court stated:

"The complaint prayed for damages in the amount of $157,812.50 plus interest calculated from July 27, 1979, at the rate of two percent above the prime rate of the First National Bank of Denver. The judgment awarded damages in the amount of $257,166.00 plus interest accruing at the rate of $56.21 per day from February 1, 1983. Johanneson and Olson argue that the record is not sufficient to enable the district court to calculate the exact amount of interest. Hastings contends that interest was calculated as prayed for in the complaint and inserted in the prepared judgment. Hastings also points out that Johanneson and Olson made no objections to the proposed order for judgment even though the district court afforded them an opportunity to do so.

"The record on appeal does not include the calculations used to arrive at the interest figure contained in the judgment. The record also fails to reveal the prime rate of interest at the First National Bank of Denver on July 27, 1979. Accordingly, it is impossible for us to determine whether the interest on the judgment was calculated correctly. However, this does not affect our ability to decide the issue raised on appeal, i.e., whether the district court erred in granting judgment in favor of Hastings according to the terms of the settlement agreement. It is clear that the district court intended to grant judgment as prayed for in the complaint. If the interest on the judgment was calculated incorrectly, this would be a mistake of a cleri-

---

**1.** The appeal was filed on behalf of both Johanneson and Olson. We were informed at oral argument that subsequent to the appeal Johanneson and Hastings Pork had reached a settlement.

cal nature which could be corrected by a *nunc pro tunc* order. See *Coulter v. Coulter*, 328 N.W.2d 232, 238–39 (N.D. 1982)."

Judgment on remittitur was entered following remand by this court in the amount of $257,166 plus costs and disbursements and interest. Johanneson and Olson moved the trial court, pursuant to Rule 59(j), N.D. R.Civ.P., to alter or amend the judgment on remittitur, alleging that the interest in the amount of $99,353.50 included in the judgment was not supported by the record and that the ex parte procedure used by Hastings Pork to secure the judgment was not in accord with the mandate of this court directing that a *nunc pro tunc* order assessing the correct amount of interest be entered. The motion further alleged that in the absence of a specific contractual rate of interest, "the calculation of which from the record is clerical in nature," the interest must be calculated at 6 percent as specified by Section 47–14–05, N.D.C.C. Hastings Pork resisted the motion, contending that in the previous appeal the issue of interest was not raised and that this court's opinion did not consider that issue. The trial court, in its order following hearing on the motion, concluded that "the record does not contain sufficient information allowing a determination of the manner in which interest was calculated in the original Judgment entered the 4th day of February, 1983, thereby preventing any change in said Judgment by a nunc pro tunc order and, further, that the North Dakota Supreme Court decision in *Hastings Pork v. Johanneson*, 335 N.W.2d 802 (N.D.1983) limits the Judgment on Remittitur to an affirmation of the Judgment previously entered without any change in either damages or interest and that any request for change is prohibited by the Doctrine of Res Judicata."

The settlement agreement upon which the original judgment was entered did not contain the amount of interest, in dollars, to be included in the judgment. Rather, the settlement agreement provided, at paragraph 1 thereof, that if "Johanneson and Olson do not convey to Hastings miner-

al interests with an aggregate fair market value of $200,000 in accordance with the aforesaid procedures, then they agree that Hastings shall be entitled to a judgment in the aforesaid lawsuit for the full amount of damages claimed by Hastings."

Hastings Pork's complaint alleged that under the agreement Johanneson and Olson owed Hastings "the sum of $157,812.50 plus interest calculated at the rate of two percent above the prime rate of First National Bank of Denver, said interest calculated from July 27, 1979." The prayer for relief requested judgment in similar language.

█ In the previous appeal the court noted that the motion for entry of judgment was treated as a motion for summary judgment. On appeal Olson contended that summary judgment was improper for several reasons. The primary issue in that appeal concerned the provisions in the settlement agreement pertaining to the mineral interests and their value, but Johanneson and Olson also urged on appeal that there were genuine issues of fact which prohibited summary judgment. We have reviewed the brief of the appellants in that appeal and it is apparent that the appellants, Johanneson and Olson, alleged therein that the issue of the amount of interest due was a factual issue prohibiting summary judgment:

"The most clear instance when the Court granted judgment as against Johanneson-Olson with no actual or evidentiary basis was the granting of interest to Hastings Pork. As the Court will note in the Complaint and Hastings Pork's Memorandum in Support of Motion, Hastings Pork requested the Court to grant it interest 'calculated at the rate of 2% above the prime rate of the First National Bank of Denver from July 27, 1979'. Absolutely no evidence was presented to the District Court upon which a judgment could be granted as against Johanneson-Olson for a specific interest amount."

It is further apparent that the issue of interest was of concern to the court on appeal. If not, there would have been no footnote. The court was of the opinion that the computation of interest was a mechanical function and that any error would be a clerical error which could be corrected by a *nunc pro tunc* order. It is obvious that such assumption on the part of the court was incorrect. If the error was not of a clerical nature, an attempt to correct the judgment *nunc pro tunc* would not be proper. See *Coulter v. Coulter,* 328 N.W.2d 232 (N.D.1982). However, if the error was not a clerical matter, a genuine issue of fact remained for determination and it is axiomatic that summary judgment was improper.[2] It is also obvious that if the issue of interest was not merely an issue of a clerical nature, there was no basis in the record upon which summary judgment could be entered. This court recognized that lack in the majority opinion when, in footnote 3, it observed that the record on appeal did not include the calculations used to arrive at the amount of interest contained in the judgment and that the record also failed to reveal the prime rate of interest at the First National Bank of Denver on July 27, 1979. On remand the trial court, as we have already noted, observed that the record does not contain sufficient information allowing a determination of the manner in which interest was calculated in the original judgment entered on February 4, 1983, the judgment from which the original appeal was taken.

■ Although we agree with the trial court that this lack of information in the record prevents a change in the judgment *nunc pro tunc,* we do not agree with the trial court that our previous decision should be construed to limit the judgment on remittitur to an affirmation of the judgment previously entered without any change in interest and that any request for change is prohibited by the doctrine of *res judicata.*

Because this court was under a misconception in concluding that the computation of the amount of interest was merely a mechanical computation and that any error was of a clerical nature which could be corrected *nunc pro tunc,* that misconception on the part of this court did not foreclose Olson's rights on remand. *Gajewski v. Bratcher,* 240 N.W.2d 871 (N.D.1976). Furthermore, under the facts of this case, that misconception is not *res judicata* nor is it the law of the case so as to prevent the matter from being raised on appeal from the judgment on remittitur. A fair reading of the footnote in question does not indicate that the issue of the computation of interest was finally decided. Rather, it was an issue left for the district court on remand and, although the statement of the court as to correcting the matter *nunc pro tunc* might be construed as limiting the authority of the trial court on remand, we do not so narrowly construe it. Only questions fairly raised and decided on a former appeal in the same action are not open for consideration on a subsequent appeal and become the law of the case and are binding upon the parties in all subsequent stages of litigation. See, e.g., *Newman Signs, Inc. v. Hjelle,* 317 N.W.2d 810 (N.D.1982). We cannot state that the question here raised was fairly decided in the previous appeal. Rather, the court recognized the problem and, under a misconception, believed it could be corrected *nunc pro tunc.*

■ Olson urges that we apply Section 47–14–05, N.D.C.C., and conclude that because the contract rate of interest cannot be determined from this record Hastings Pork be allowed interest at the rate of six percent per annum, or $33,436.66. We are not convinced that the rate of interest contracted for cannot be computed. There is no record upon which we could arrive at such a conclusion and this is an issue of fact which should be determined by the

---

**2.** In the brief in the first appeal, Hastings Pork asserted that the calculation of interest was simply a mathematical exercise and that if Johanneson and Olson had a valid objection or contention that the interest was miscalculated they should have presented their objection to the trial court at that time. However, when summary judgment is sought it is the movant's burden to demonstrate clearly that there is no genuine issue of material fact. See, e.g., *Neuner v. Ballantyne,* 336 N.W.2d 342 (N.D.1983).

trial court after a hearing. Hastings Pork should have the opportunity to prove its calculation of interest and only if it is unable to do so should the trial court resort to Section 47–14–05, N.D.C.C.

The judgment of the trial court is reversed and the matter is remanded for a determination of the amount of interest to be included in the judgment.

ERICKSTAD, C.J., and GIERKE and MESCHKE, JJ., concur.

LEVINE, Justice, concurring specially.

Stare decisis notwithstanding, it is obvious that *Hastings Pork* I was incorrectly decided and should be overruled at least in part. As the majority notes, the court erred in affirming summary judgment in the earlier case (at least vis-a-vis the issue of interest) because the issue of interest was a disputed issue of material fact.

I believe it is unsettling to now advise the trial judge that he need not have adhered to the erroneous instructions of this Court because to have done so would reflect too "narrow" a construction of those instructions. It seems to me the trial court simply did what it was told to do, or attempted to do so, since no one, not even a trial judge, can accomplish the impossible. In my view those instructions were incorrect under any construction, broad or narrow, and I acknowledge as much. To do otherwise is to send an incautious signal to trial courts that our instructions on remand are subject to varying interpretations. If indeed some are, they are the fruits of our frailty and impervious to correction by either a broad or narrow construction by a trial court.