**FIRST AMERICAN BANK & TRUST OF MINOT, formerly American Bank and Trust Company, Plaintiff and Appellee,**

v.

**Robert C. ELSBERRY, d/b/a The Cedar Inn, Defendant and Appellant.**

Civ. No. 890129.

Supreme Court of North Dakota.

Nov. 20, 1989.

Robert W. Palda, Minot, for defendant and appellant.

Olson, Sturdevant and Burns, Minot, for plaintiff and appellee; argued by Michael G. Sturdevant, Minot.

VANDE WALLE, Justice.

Robert C. Elsberry appealed from a summary judgment dismissing his claim for breach of an alleged oral refinancing agreement by First American Bank & Trust of Minot. We affirm.

Elsberry operated a bar and restaurant business located in Surrey, North Dakota, which was known as The Cedar Inn. In 1987, First American Bank sued Elsberry to foreclose both its real estate mortgage and its security interest on equipment, fixtures and inventory of The Cedar Inn. Prior to a hearing on a motion for immediate possession of the equipment, fixtures and inventory, First American Bank and Elsberry entered into an agreement. First American Bank agreed "not to pursue" judgment for 60 days, while Elsberry executed and delivered a deed and a bill of sale to be escrowed for 60 days. During the delay, Elsberry had "full right to the use and possession" of the property and was "entitled to attempt to secure a purchaser." If successful, Elsberry was entitled to return of the escrowed documents. If Elsberry was unsuccessful within 60 days, First American Bank was entitled to the deed and bill of sale from the escrow, was entitled to immediate possession of the property, and was entitled to complete the two foreclosures "for the purpose of obtaining clear title in the event that its debt [was] not satisfied."

After sixty days, there were additional extensions. First American Bank extended the time to August 2, 1987, in exchange for a $3,000 payment and a security interest in Elsberry's liquor license. In following weeks, Elsberry paid $1,500 per week to First American Bank while extensions continued. In October the informal extensions ended. In November 1987, First American Bank moved for default judgments in the foreclosures, seeking immediate possession of both the real estate and the personal property.

In November 1987, after the motion, but before the hearing on the motion for default, Elsberry filed an answer and counterclaim in both foreclosures. The trial court concluded that no additional time for curing the default was in order because First American Bank had already given "Elsberry three additional opportunities to pay his debt." The court rejected Elsberry's claim made at the hearing that First American Bank had agreed to refinance his

debts during the extensions of the settlement. The court ruled that Elsberry had waived his rights to resist the foreclosures by his settlement agreement with the escrowed deed and bill of sale. The trial court directed default judgments, with orders for immediate possession. No appeal was taken from the default judgments.

On February 17, 1988, First American Bank sued Elsberry again to foreclose its security interest in the liquor license. Elsberry counterclaimed, again claiming that First American Bank misrepresented and breached an agreement to refinance him. When the liquor license was cancelled for nonpayment of fees during the pendency of the action, First American Bank abandoned its foreclosure. Nearly a year later, on January 27, 1989, after extensive discovery which included four depositions, First American Bank moved for a summary judgment on Elsberry's counterclaim. The motion was submitted to the trial court pursuant to Rule 3.2 of the North Dakota Rules of Court.

Trial was set for March 6, but at a pretrial conference on February 7, 1989, Elsberry's attorney requested additional time to respond to the motion for summary judgment. The trial court granted the remainder of the week, the time sought by Elsberry's attorney, to respond to the motion. When Elsberry made no response to the motion for summary judgment, the trial court directed summary judgment for First American Bank on March 1, 1989.

Elsberry did not make a late response to the motion for summary judgment, nor did he seek reconsideration from the trial court. Instead, Elsberry appealed, quoting nearly twenty pages of deposition testimony in an attempt to show the existence of a material issue of fact regarding an alleged oral agreement to refinance. Elsberry's counsel also argued that the trial court improperly ignored his motion for additional time to respond.

First American Bank countered with numerous arguments: that Elsberry did not timely respond to the motion for summary judgment; that res judicata barred the claim because it had been or should have been considered in the prior foreclosure actions; that there was no refinancing commitment or misrepresentation by First American Bank; that Elsberry's payments were solely for extensions of the settlement time; that the 1985 amendment to the statute of frauds barred a claim for an oral extension of credit of more than $25,000; and that there was a lack of essential terms for an oral contract to continue loaning money.

In the instant case, we find Elsberry's failure to respond timely to the motion for summary judgment dispositive of the issues raised by the parties. At the pretrial conference on February 7, counsel for Elsberry made the following request for additional time to respond to First American Bank's motion for summary judgment: "And I would like, if the Court please, the balance of this week in which to answer." The trial court granted the brief extension requested: "All right, I will give that to you." After granting the "balance" of the week for the response, the trial court also said, "But that better not cut into your Newhouse case." Counsel for Elsberry said, "I've got two jury cases prior to this one." The trial court said, "Okay," and questioned opposing counsel about any other expected motions.

On appeal, counsel for Elsberry contends that the trial court misled him to believe that another trial "would take precedence over the necessity for submitting a reply to the Motion for Summary Judgment." However, the record specifically indicates that Elsberry's counsel asked the trial court for a time extension for the "balance" of the week in order to file a response to First American Bank's motion, and that the trial court affirmatively granted the request. Moreover, there was no further request by Elsberry and no further reference to any additional time by the trial court in the record. In short, we find nothing in the record to demonstrate that the trial court granted Elsberry some sort of open-ended extension of time to file a response to First American Bank's motion for summary judgment because of other trials scheduled by Elsberry's counsel.

When the trial court granted the summary judgment to First American Bank on March 1, 1989,[1] Elsberry had made no response to the motion for summary judgment.

First American Bank's notice of motion for summary judgment was served upon Elsberry's counsel. The notice stated that the motion was submitted to the district court pursuant to Rule 3.2 of the North Dakota Rules of Court. Rule 3.2(c), NDROC requires (1) the moving party, upon serving and filing a motion, to submit a brief in support of the motion, and (2) the adverse party to submit an answer brief. *See Neuner v. Ballantyne,* 336 N.W.2d 342 (N.D.1983). First American Bank complied with the rule by submitting a brief with its notice of motion for summary judgment on January 27, 1989. On February 7, 1989, Elsberry's counsel sought, and the trial court granted, a time extension for the "balance" of the week in which to respond to First American Bank's motion for summary judgment. When the trial court considered First American Bank's motion for summary judgment on March 1, 1989, Elsberry had not submitted an answer brief or any type of response whatsoever to the Bank's motion. Rule 3.2(d), NDROC states, in relevant part:

"Failure to file a brief by the moving party is an admission that, in the opinion of counsel, the motion is without merit. *Failure to file a brief by the adverse party is an admission that, in the opinion of counsel, the motion is meritorious.*" (Emphasis added.)

*See also Vorachek v. Citizens State Bank of Lankin,* 421 N.W.2d 45 (N.D.1988); *Neuner v. Ballantyne, supra.* The failure of Elsberry to submit an answer brief to First American Bank's motion for summary judgment operated as an admission that there was no an oral agreement to refinance between Elsberry and First American Bank.

Furthermore, Elsberry could not simply sit back and expect the trial court, or this court, to find a material issue of fact or a conflicting inference to be drawn from the facts. In the past this court has noted:

"A party resisting a motion for summary judgment has the responsibility of presenting competent admissible evidence by affidavit or other comparable means [citations omitted] and, if appropriate, drawing the court's attention to evidence in the record setting out the page and line in depositions or other comparable document containing testimony or evidence raising a material factual issue, or from which the court may draw an inference creating a material factual issue.

"In summary judgment proceedings the trial court has no legal obligation, judicial duty, or responsibility to search the record for evidence opposing the motion for summary judgment. This principle and legal concept applies equally well, or more so, to appellate proceedings involving an appeal from the granting of a summary judgment for the further reason that the appellate court, except for jurisdictional matters and taking judicial notice, generally considers only those issues raised in the trial court." *First Nat. Bank of Hettinger v. Clark,* 332 N.W.2d 264, 267 (N.D.1983).

*See also Umpleby By and Through Umpleby v. State,* 347 N.W.2d 156, 160 (N.D. 1984). While there may or may not have been a material issue of fact concerning an alleged refinancing agreement between Elsberry and First American Bank, when Elsberry failed to submit an answer brief or other response to the Bank's motion for summary judgment, the trial court was under no obligation or duty to look for evidence that opposed the Bank's motion. The same principle holds true for this court when a case is appealed.

Elsberry filed no response to First American Bank's motion for summary judgment and, therefore, the trial court did not err in granting summary judgment to First

1. March 1, 1989 was five days prior to the date scheduled for trial, and approximately twenty-one days after counsel for Elsberry made his request for the "balance" of the week in order to respond to the Bank's summary judgment motion.

American Bank. The judgment is affirmed.

ERICKSTAD, C.J., and GIERKE and LEVINE, JJ., concur.

MESCHKE, J., deemed himself disqualified subsequent to oral argument and did not participate in this decision.