The **INDUSTRIAL COMMISSION OF NORTH DAKOTA**, acting as the North Dakota Housing Finance Agency, Plaintiff and Appellee,

v.

**Thomas F. WILBER and Joyce E. Wilber, Defendants and Appellants.**

Civ. 890223.

Supreme Court of North Dakota.

April 12, 1990.

Nilles, Hansen & Davies, Ltd., Fargo, for plaintiff and appellee; argued by Daniel J. Crothers, Special Asst. Atty. Gen., Fargo.

Craft, Thompson & Boechler, Fargo, for defendants and appellants; argued by David C. Thompson, Fargo. Appearance by Jeanette Boechler, Fargo.

MESCHKE, Justice.

Thomas and Joyce Wilber appealed from a judgment of foreclosure on their home. We affirm.

On May 31, 1984, the Wilbers purchased a home from Metropolitan Service Corporation [Metropolitan Service] and financed the purchase with a loan from Metropolitan Federal Savings & Loan Association [Metropolitan Federal]. The Wilbers gave a promissory note and mortgage to Metropolitan Federal, which subsequently negotiated the note and assigned the mortgage to the Industrial Commission of North Dakota.

The Wilbers defaulted on the note, and the Industrial Commission sued for foreclosure. The Wilbers answered and counterclaimed, asserting that Metropolitan Service had breached the warranty of title and

had failed to properly repair the garage floor as required by the contract of sale. The district court granted the Industrial Commission's motion for summary judgment, ordering foreclosure and dismissing the Wilbers' counterclaim.

The dispositive issue on appeal is whether the Wilbers have raised a genuine issue of fact to prevent summary judgment.

Summary judgment is a procedural device available for the prompt and expeditious disposition of controversies without trial when, after viewing the evidence in a light most favorable to the opposing party and giving that party the benefit of all favorable inferences, there is no genuine dispute as to either the material facts or the inferences to be drawn from undisputed facts. *Production Credit Association of Fargo v. Ista,* 451 N.W.2d 118, 120 (N.D. 1990). Although the party seeking summary judgment has the burden of showing that there is no genuine issue of material fact, the party resisting the motion may not simply rely upon the pleadings. The resisting party must present competent evidence by affidavit or other comparable means which raises an issue of material fact and must, if appropriate, draw the court's attention to relevant evidence in the record by setting out the page and line in depositions or other comparable documents containing testimony or evidence raising a genuine issue of material fact. *Ista,* 451 N.W.2d at 120; *Production Credit Association of Grafton v. Davidson,* 444 N.W.2d 339, 346 (N.D.1989). As we recently explained in *Union State Bank v. Woell,* 434 N.W.2d 712, 721 (N.D.1989), a party opposing a motion for summary judgment "cannot leave to a court the chore of divining what facts are relevant and why facts are relevant, let alone material, to the claim for relief."

The claims and defenses of the Wilbers stem from the original sale of the home by Metropolitan Service. The Wilbers asserted that Metropolitan Service was an alter ego of Metropolitan Federal, or acted as Metropolitan Federal's agent, in the sale to the Wilbers, and that Metropolitan Federal is therefore liable for the alleged defect in

the title and for the failure to replace the garage floor. The Wilbers asserted that the Industrial Commission, as Metropolitan Federal's assignee, took the note and mortgage subject to any defenses which could be raised against Metropolitan Federal. Because of our decision on the Wilbers' first argument, we do not reach their second argument.

The Wilbers failed to present any evidence to support their allegation that Metropolitan Service was an "alter ego" of Metropolitan Federal or acted as Metropolitan Federal's agent in the sale of the property. At the most, the evidence offered by the Wilbers to support their assertion demonstrated only that Metropolitan Service was a wholly owned subsidiary of Metropolitan Federal. This, standing alone, is not sufficient to pierce the corporate veil. *See, e.g.,* 18 Am.Jur.2d Corporations §§ 55, 57 (1985); *A.L. Laboratories, Inc. v. Philips Roxane, Inc.,* 803 F.2d 378, 385 (8th Cir.1986). Without more, Metropolitan Federal could not be held liable for a breach by Metropolitan Service.

The only conclusion to be drawn from this record is that the Wilbers purchased the home from one corporate entity, Metropolitan Service, and financed the purchase through another corporate entity, Metropolitan Federal. We conclude that there is no evidence in this record to support the Wilbers' asserted claims and defenses against the Industrial Commission. The Wilbers' claims, if any, lie against Metropolitan Service.

The summary judgment is affirmed.

ERICKSTAD, C.J., and LEVINE, VANDE WALLE and GIERKE, JJ., concur.