Tom PETERSON, Plaintiff, Appellant
and Cross–Appellee,

v.

Kurt ZERR, Defendant and Appellee,

and

Interstate Investments, a North Dakota
Partnership, Defendant, Appellee
and Cross–Appellant.

Civ. No. 910012.

Supreme Court of North Dakota.

Nov. 12, 1991.

**232**

Alan C. Erickson (argued), Bismarck, for plaintiff, appellant and cross-appellee.

Dale W. Moench (argued) of Moench Law Firm, Bismarck, for defendant and appellee Kurt Zerr.

Dean F. Bard (argued) of Bard & Bard, Bismarck, for defendant, appellee, and cross-appellant Interstate Investments. Appearance by John W. Kavaney, partner in Interstate Investments.

GIERKE, Justice.

Tom Peterson appeals from a summary judgment dismissing his claims against Kurt Zerr and awarding actual costs and attorney's fees based upon the frivolous nature of Peterson's claims against Zerr, and from a judgment entered upon a jury verdict dismissing Peterson's claims against Interstate Investments [Interstate]. Interstate cross-appeals from the judgment upon the jury verdict. We affirm in part, reverse in part, and remand for entry of judgment consistent with this opinion.

Interstate, a partnership, owned an office complex in north Bismarck. In 1978, Golden West Travel, Inc. [Golden West] leased 1,800 square feet of office space from Interstate for a ten-year term, with an option for an additional five years. Golden West occupied half of the space and subleased the other half to the Sperry & Erickson law firm. At that time, Golden West was owned by Peterson and Ed Stone.

In May 1981, Peterson and Stone sold Golden West to Zerr and Richard Grenz. As part of the transaction, Golden West assigned the 1978 primary lease to Peterson and Stone. Peterson and Stone in turn subleased half of the space back to Golden West. In 1982, Grenz sold his interest in Golden West to Gerald Willer.

In December 1984, Zerr and Willer sold Golden West to Robert Valeu, Joe Hauer, and Ron Hendrickson. Peterson asserts that, in negotiating the sale, Zerr misrepresented the nature of the lease arrangements between the parties. Specifically, he asserts that Zerr misled the purchasers into believing that Golden West held the primary lease from Interstate for the full 1,800 square feet, when in fact Peterson and Stone held the primary lease and Golden West was a sublessee of only one-half of the space.

On December 27, 1984, Jack Kavaney, Interstate's managing partner, sent a letter to Golden West expressing a desire to rework the leases so that Interstate would have a direct lease with the new owners, including personal guaranties. The new owners subsequently learned that Golden West did not hold the primary lease with Interstate, but that Peterson and Stone held the primary lease with Golden West as a sublessee.

The new owners of Golden West had planned to expand the business to the entire 1,800 square feet, which would have required the Sperry & Erickson law firm to relocate. This was based on the new owners' mistaken belief that Golden West held the primary lease for the entire 1,800 square feet, and that the law firm was on a month-to-month sublease from Golden West. Interstate attempted to mediate the situation by offering the law firm alternate space in another building it owned nearby, but the law firm refused to move. Because it could not carry out its expansion plans in the available space, Golden West vacated the premises in May of 1985.

Peterson and Stone's last payment on the primary lease was for May of 1985. They thereafter discontinued making their payments, and Interstate declared them to be in default and retook possession of the premises. The Sperry & Erickson law firm vacated their portion of the premises in September of 1985.

Peterson sued Golden West, Interstate, Zerr, Valeu, and Hauer, alleging breach of contract, intentional interference with contract, and misrepresentation. The district court severed the case into two separate actions. The first action consisted of Peterson's contract claim against Golden West for breach of the May 1981 sublease. The second action consisted of Peterson's tort claims against Zerr, Valeu, Hauer, and Interstate for interference with contract and misrepresentation. Peterson and Golden West settled the breach of contract action prior to trial, and as part of that settlement all claims against Hauer and Valeu in this action were also dismissed.

Zerr moved for summary judgment dismissing all claims against him and sought actual costs and attorney's fees based upon the frivolous nature of Peterson's claims. The district court granted summary judgment dismissing the claims against Zerr and ordered Peterson to pay costs and attorney's fees in the amount of $3,456.32 pursuant to Sections 28–26–01(2) and 28–26–31, N.D.C.C. Peterson moved for reconsideration of the award of costs and attorney's fees and sought to defer the determination of fees until after trial of the remaining claims against Interstate. The court determined that this motion was also frivolous and awarded Zerr an additional $200 in attorney's fees.

Peterson attempted to appeal the summary judgment dismissing his claims against Zerr and awarding costs and attorney's fees. We held that the district court's order certifying the judgment as final pursuant to Rule 54(b), N.D.R.Civ.P., was improvidently granted and dismissed the appeal. *Peterson v. Zerr*, 443 N.W.2d 293 (N.D.1989).

Peterson's action against Interstate proceeded to trial, and the jury determined that Interstate had not tortiously interfered with any of Peterson's contracts. On Interstate's counterclaim for breach of contract, the jury determined that Peterson had breached the 1978 primary lease but found that Interstate had suffered no resultant damages. Final judgment was entered in accordance with the jury verdict.

Peterson appealed from the summary judgment and from the final judgment. Interstate cross-appealed from the final judgment. The following issues are dispositive on appeal:

I. Does a tort action lie for negligent interference with contract?

II. Did the district court err in determining that no genuine issues of material fact remained on Peterson's claim of intentional interference with contract against Zerr?

III. Did the district court abuse its discretion in awarding actual costs and attorney's fees to Zerr?

IV. Is the jury's determination that Interstate suffered no damages as a result of Peterson's breach supported by the evidence?

## I. NEGLIGENT INTERFERENCE WITH CONTRACT

Peterson asserts that the court erred in granting summary judgment dismissing his interference with contract claims against Zerr. To a great extent, Peterson's arguments on this issue are premised upon his assertion that Zerr was negligent in the dealings culminating in the sale of Golden West to Valeu, Hauer, and Hendrickson. Without specifically addressing the issue, Peterson apparently *assumes* that tort recovery is allowed for negligent interference with contract.

██ Intentional interference with contract is a recognized tort in this state. *See, e.g., Hennum v. City of Medina*, 402 N.W.2d 327 (N.D.1987); *Blair v. Boulger*, 336 N.W.2d 337 (N.D.), *cert. denied*, 464 U.S. 995, 104 S.Ct. 491, 78 L.Ed.2d 685 (1983). Peterson does not cite, nor have we located, any North Dakota case recognizing a tort action for *negligent* interference with contract. It appears that such a tort is not widely recognized. *See, e.g.,* Prosser, Torts § 129 at 982, 997 (1984); Restatement (Second) of Torts § 766C (1979).

██ Peterson has not specifically requested that we recognize this new tort, nor has he provided any caselaw or other supporting authority. On this record, we

decline to recognize a tort action for negligent interference with contract.

## II. INTENTIONAL INTERFERENCE WITH CONTRACT

Peterson asserts that the district court erred in granting summary judgment dismissing his claim of intentional interference with contract against Zerr.

■ In order to prevail on a claim of intentional interference with contract, the plaintiff must establish that: (1) a contract existed; (2) the contract was breached; (3) the defendant instigated the breach; and (4) the defendant did so without justification. *Hennum v. City of Medina, supra,* 402 N.W.2d at 336; *Bismarck Realty Co. v. Folden,* 354 N.W.2d 636, 642 (N.D.1984). The plaintiff must also show that the defendant acted intentionally, and the intent required goes beyond the traditional tort concept of intent. The plaintiff must show that the defendant specifically intended to interfere with the plaintiff's contractual rights, or acted with knowledge that the interference would result. *Hennum v. City of Medina, supra,* 402 N.W.2d at 337–338; Prosser, *supra,* § 129 at 982. This requirement is summarized in Comment j to Section 766 of the Restatement (Second) of Torts:

> "The rule stated in this Section is applicable if the actor acts for the primary purpose of interfering with the performance of the contract, and also if he desires to interfere, even though he acts for some other purpose in addition. The rule is broader, however, in its application than to cases in which the defendant has acted with this purpose or desire. It applies also to intentional interference, as that term is defined in § 8A, in which the actor does not act for the purpose of interfering with the contract or desire it but knows that the interference is certain or substantially certain to occur as a result of his action. The rule applies, in other words, to an interference that is incidental to the actor's independent purpose and desire but known to him to be a necessary consequence of his action."

Thus, in order to prevail, Peterson must show that he presented evidence in opposition to the motion for summary judgment from which the fact finder could infer that Zerr intentionally misrepresented facts to the purchasers with the specific intent that they breach the Golden West sublease with Peterson, or with knowledge that such a breach would be a necessary consequence of his action.

■ Although the party seeking summary judgment has the burden of showing that there is no genuine issue of material fact, the party resisting the motion may not simply rely upon the pleadings. *Soentgen v. Quain & Ramstad Clinic, P.C.,* 467 N.W.2d 73, 77 (N.D.1991); *Industrial Commission of North Dakota v. Wilber,* 453 N.W.2d 824, 825 (N.D.1990). Nor may the opposing party rely upon unsupported, conclusory allegations. *State Bank of Kenmare v. Lindberg,* 471 N.W.2d 470, 476 (N.D.1991). The resisting party must present competent admissible evidence by affidavit or other comparable means which raises an issue of material fact and must, if appropriate, draw the court's attention to relevant evidence in the record by setting out the page and line in depositions or other comparable documents containing testimony or evidence raising an issue of material fact. *Industrial Commission, supra,* 453 N.W.2d at 825; *First American Bank & Trust of Minot v. Elsberry,* 448 N.W.2d 184, 186 (N.D.1989).

■ In summary judgment proceedings, neither the trial court nor the appellate court has any obligation, duty, or responsibility to search the record for evidence opposing the motion for summary judgment. *State Bank of Kenmare, supra,* 471 N.W.2d at 476; *First American Bank, supra,* 448 N.W.2d at 186. The opposing party must also explain the connection between the factual assertions and the legal theories in the case, and cannot leave to the court the chore of divining what facts are relevant or why facts are relevant, let alone material, to the claim for relief. *Union State Bank v. Woell,* 434 N.W.2d 712, 721 (N.D.1989); *First Nation-*

*al Bank & Trust Co. of Williston v. Jacobsen,* 431 N.W.2d 284, 288 (N.D.1988).

■ Peterson's argument on this issue can best be described as a hodge-podge of unrelated factual assertions and legal arguments. There is no intelligible attempt to relate the unsupported, conclusory factual allegations with specific elements of intentional interference with contract. Peterson apparently asserts that Zerr was aware that the new owners of Golden West intended to expand the business, and that he therefore must have known that his alleged misrepresentation about the status of the lease would of necessity lead to a breach of Golden West's sublease with Peterson.

Even if we consider the possible inference between Zerr's alleged knowledge of expansion plans and a resultant certainty of breaking the lease (a tenuous connection, at best), we conclude that Peterson has wholly failed to support his factual allegation that Zerr knew of the purchasers' plans to expand. Although Peterson has cited to references in the pleadings in this case and in the severed breach of contract case to support his allegations, he has failed to direct either this court or the district court to specific portions of affidavits, specific lines and pages of depositions, or any other admissible evidence to support his allegation that Zerr was aware that the purchasers of Golden West intended to expand the business. As previously noted, neither this court nor the district court has any duty or obligation to ferret through the record to locate evidence to support factual allegations. Without evidence that Zerr knew of the new owners' planned expansion, there can be no inference that Zerr knew that a breach of the sublease was a necessary consequence of his alleged misrepresentations. We conclude that the district court did not err in determining that no issues of material fact remained, and accordingly summary judgment was appropriate.

## III.  ATTORNEY'S FEES

Peterson asserts that the district court abused its discretion in awarding Zerr actual costs and attorney's fees under Sections 28–26–01(2) and 28–26–31, N.D.C.C.

Section 28–26–31, N.D.C.C., provides:

*"Pleadings not made in good faith.* Allegations and denials in any pleadings in court, made without reasonable cause and not in good faith, and found to be untrue, subject the party pleading them to the payment of all expenses, actually incurred by the other party by reason of the untrue pleading, including a reasonable attorney's fee, to be summarily taxed by the court at the trial or upon dismissal of the action."

■ Although an award of attorney's fees and costs under Section 28–26–31 is discretionary, exercise of that discretion must be based upon evidence that the pleadings were made without reasonable cause and not in good faith, and are subsequently found to be untrue. *Larson v. Baer,* 418 N.W.2d 282, 289 (N.D.1988); *Westchem Agricultural Chemicals, Inc. v. Engel,* 300 N.W.2d 856, 859–860 (N.D.1980). The mere fact that summary judgment is granted below and affirmed on appeal is not evidence of bad faith in pleading. *Larson v. Baer, supra,* 418 N.W.2d at 289. No evidence has been presented which demonstrates that Peterson's pleadings were not made in good faith. Accordingly, we conclude that the court abused its discretion in awarding attorney's fees and costs based upon Section 28–26–31, N.D.C.C.

The court also premised the award of attorney's fees and costs upon Section 28–26–01(2), N.D.C.C.:

*"Attorney's fees by agreement—Exceptions—Awarding of costs and attorney's fees to prevailing party.*

\*     \*     \*     \*     \*     \*

"2.  In civil actions the court shall, upon a finding that a claim for relief was frivolous, award reasonable actual and statutory costs, including reasonable attorney's fees to the prevailing party. Such costs must be awarded regardless of the good faith of the attorney or party making the claim for relief if there is such a complete absence of actual facts or law that a reasonable person could not have thought a court

would render judgment in their favor, providing the prevailing party has in responsive pleading alleged the frivolous nature of the claim. This subsection does not require the award of costs or fees against an attorney or party advancing a claim unwarranted under existing law, if it is supported by a good faith argument for an extension, modification, or reversal of the existing law."

The statute allows the court discretion to award costs and attorney's fees if a claim is determined to be frivolous. *Larson v. Baer, supra*, 418 N.W.2d at 290. A claim is frivolous when there is such a complete absence of actual facts or law that a reasonable person could not have expected that a court would render judgment in his favor. *Soentgen v. Quain & Ramstad Clinic, P.C.*, 467 N.W.2d 73, 84 (N.D.1991); *Larson v. Baer, supra*, 418 N.W.2d at 290. Affirmance of a summary judgment on appeal does not mean that a claim is frivolous. *Soentgen, supra*, 467 N.W.2d at 85. An award of attorney's fees under Section 28–26–01(2) lies within the sound discretion of the trial court, and its determination will be disturbed on appeal only for an abuse of that discretion. *Hart Honey Co. v. Cudworth*, 446 N.W.2d 742, 747 (N.D.1989).

Much of the difficulty in this case has stemmed from Peterson's counsel's inability to clearly and succinctly set forth the relevant legal theories and factual bases for those theories. Peterson's pleadings are a convoluted and confusing jumble of unrelated factual allegations and legal theories. A review of the record suggests that the court's determination that the pleadings were frivolous may in fact have been based upon its displeasure with the state of Peterson's pleadings. In particular, the court's award of $200 additional attorney's fees in response to Peterson's motion to reconsider or postpone a decision on the fee award appears to be almost punitive in nature, and indicates that the court may simply have been "fed up" with counsel. The intent of Section 28–26–01(2), however, is to deter the pursuit of wholly groundless and meritless claims, not to punish inartful drafting.

Although Peterson's pleadings are difficult to understand, a careful reading of the complaint unearths a potentially plausible claim of intentional interference with contract. Although we have concluded that Peterson failed to raise genuine issues of material fact sufficient to preclude summary judgment on that claim, our conclusion does not mean that the claim had such a complete absence of facts and law that he could not have reasonably expected a favorable judgment. *See Soentgen, supra*, 467 N.W.2d at 85. We conclude that the court abused its discretion in awarding costs and attorney's fees for frivolous pleading under Section 28–26–01(2), N.D.C.C.

## IV. DAMAGES FOR BREACH

Interstate has cross-appealed, alleging that the jury erred in awarding no damages for Peterson's breach of the primary lease.

Our review of questions of fact tried to a jury is limited to determining if there is substantial evidence to support the verdict. *Dewey v. Lutz*, 462 N.W.2d 435, 439 (N.D.1990). We will interfere with a jury's award of damages only if it is so excessive or inadequate as to be without support in the evidence. *Slaubaugh v. Slaubaugh*, 466 N.W.2d 573, 577 (N.D.1991); *Stoner v. Nash Finch, Inc.*, 446 N.W.2d 747, 753 (N.D.1989). In determining the sufficiency of the evidence to support the jury's award of damages, we view the evidence in the light most favorable to the verdict. *Holte v. Carl Albers, Inc.*, 370 N.W.2d 520, 527 (N.D.1985). It is only when reasonable persons could draw but one conclusion that the evidence becomes a question of law for the court. *Dewey v. Lutz, supra*, 462 N.W.2d at 439. Where the evidence is conflicting and reasonable persons could draw different conclusions on the evidence, we are bound by the verdict. *Wilson v. General Motors Corp.*, 311 N.W.2d 10, 15 (N.D.1981).

The parties presented conflicting evidence on the issue of damages. Interstate attempted to show that it suffered lost rents and other miscellaneous expenses resulting from the property being vacant from the time Golden West and the

law firm vacated until the property was relet several months later. Peterson presented evidence that Interstate received higher monthly rentals on the property after it relet the property, and the jury may have inferred that Interstate recouped whatever losses it incurred. Viewing the evidence in the light most favorable to the verdict, we do not find the verdict to be so inadequate as to be without support in the evidence.

We have reviewed the remaining issues raised by the parties and find no reversible error. These issues do not warrant further discussion.

Zerr asserts that Peterson's appeal is frivolous and seeks attorney's fees and double costs under Rule 38, N.D.R.App.P. Peterson's appeal is not frivolous.

We reverse that part of the summary judgment ordering Peterson to pay costs and attorney's fees to Zerr; in all other respects the judgments are affirmed. We remand for entry of a judgment consistent with this opinion. Each party shall bear its own costs on appeal.

ERICKSTAD, C.J., and VANDE WALLE, LEVINE and MESCHKE, JJ., concur.