**Terry Lee KUMMER, Plaintiff and Appellant,**

v.

**CITY OF FARGO, a Municipal Corporation, Donn Weaver, in his capacity as a Fargo Police Officer, and individually, State of North Dakota, Dan Baumann, in his official capacity, and individually, John T. Goff, in his official capacity as Cass County State's Attorney, and individually, Defendants and Appellees.**

Civ. No. 930209.

Supreme Court of North Dakota.

May 19, 1994.

Robin L. Olson (argued), Nelson Law Office, Fargo, for plaintiff and appellant.

Thomas J. Gaughan (argued), City Prosecutor, Fargo, for defendants and appellees City of Fargo and Donn Weaver.

Laurie J. Loveland (argued), Sol. Gen., Atty. Gen's. Office, Bismarck, for defendants and appellees State and Dan Baumann.

Bruce D. Quick (argued), Vogel, Brantner, Kelly, Knutson, Weir & Bye, Ltd., Fargo, for defendant and appellee John T. Goff.

NEUMANN, Justice.

Terry Kummer appeals from a summary judgment dismissing his claims for abuse of process, malicious prosecution, and conversion of property against the State, the City of Fargo, Donn Weaver, Dan Baumann, and John Goff. We affirm.

The claims in this case arise out of Kummer's prosecution for drug offenses following a "reverse sting" operation. Special Agent Baumann of the State Crime Bureau and Officer Weaver of the Fargo Police Department, having received information that Kummer was involved in drug trafficking, set up the "reverse sting." Officer Weaver obtained cocaine from the evidence room of the Fargo Police Department and provided it to a confidential informant, who had arranged a sale of the cocaine to Kummer at a local motel. The informant, wearing a body transmitter, sold the cocaine to Kummer for $3,600. Kummer was arrested upon leaving the motel room, and the money and cocaine were recovered by police.

Kummer was tried and convicted of possession of a controlled substance with intent to deliver. This court reversed his conviction on appeal, holding that the "reverse sting" operation, whereby the law enforcement officers unlawfully furnished the controlled substance, constituted entrapment as a matter of law. *State v. Kummer*, 481 N.W.2d 437 (N.D.1992).

After reversal of the conviction, Cass County State's Attorney John Goff filed a motion for release of the money and drugs, which were being held by the clerk of court. The district court ordered the money and drugs released, and they were transferred to Special Agent Baumann. The money and drugs were subsequently seized by federal agents pursuant to a warrant issued by the federal district court, and Kummer was charged and convicted of drug offenses in federal court. Kummer's federal conviction was affirmed on appeal. *United States v. Kummer*, 15 F.3d 1455 (8th Cir.1994).

Kummer sued the State, the City of Fargo, Weaver, Baumann, and Goff, alleging abuse of process, malicious prosecution, and conversion of the $3,600. On the defendants' motions for summary judgment,[1] the court ordered entry of judgment dismissing all claims. Kummer appealed.

Summary judgment under Rule 56, N.D.R.Civ.P., allows prompt and expeditious disposition of a controversy without trial if there is no genuine issue of material fact, or if the law is such that the resolution of any factual dispute will not change the result. *Littlefield v. Union State Bank*, 500 N.W.2d 881, 883 (N.D.1993). Although the party

---

1. The City, Weaver, and Goff moved for summary judgment pursuant to Rule 56, N.D.R.Civ. P.; the State and Baumann moved for judgment of dismissal on the pleadings pursuant to Rule 12, N.D.R.Civ.P. The court considered the motions together and, because matters outside the pleadings were presented, treated the Rule 12 motion as a motion for summary judgment. *See* Rule 12(b) and (c), N.D.R.Civ.P.; *Livingood v. Meece*, 477 N.W.2d 183, 187 (N.D.1991); *Miller Enterprises, Inc. v. Dog N' Cat Pet Centers of America, Inc.*, 447 N.W.2d 639, 642 n. 4 (N.D. 1989).

seeking summary judgment bears the initial burden of showing that there is no genuine issue of material fact, the party resisting the motion may not simply rely upon the pleadings or upon unsupported, conclusory allegations. *Peterson v. Zerr*, 477 N.W.2d 230, 234 (N.D.1991). The resisting party must present competent admissible evidence by affidavit or other comparable means which raises an issue of material fact and must, if appropriate, draw the court's attention to relevant evidence in the record by setting out the page and line in depositions or other documents containing testimony or evidence raising an issue of material fact. *Peterson, supra*, 477 N.W.2d at 234. Neither the trial court nor the appellate court has a duty or responsibility to search the record for evidence opposing the motion for summary judgment. *Peterson, supra*, 477 N.W.2d at 234.

■■ The plain language of Rule 56 requires the entry of summary judgment, upon motion and after adequate time for discovery, against a party who fails to establish the existence of a material factual dispute as to an essential element of his claim and on which he will bear the burden of proof at trial. *Soentgen v. Quain & Ramstad Clinic, P.C.*, 467 N.W.2d 73, 77 (N.D.1991); *Eckmann v. Northwestern Federal Savings & Loan Association*, 436 N.W.2d 258, 260 (N.D. 1989). When no pertinent evidence on an essential element is presented to the trial court in resistance to the motion for summary judgment, it is presumed that no such evidence exists. *Soentgen, supra*, 467 N.W.2d at 77; *Eckmann, supra*, 436 N.W.2d at 260.

The defendants argue that summary judgment dismissal of Kummer's abuse of process claim was appropriate because Kummer failed to present any evidence supporting an inference that they acted with an ulterior purpose. We agree.

We discussed abuse of process in *Stoner v. Nash Finch, Inc.*, 446 N.W.2d 747, 751 (N.D. 1989):

"The tort of abuse of process is described in Restatement (Second) of the Law of Torts § 682 (1976): 'One who uses a legal process, whether criminal or civil, against another primarily to accomplish a purpose for which it is not designed, is subject to liability to the other for harm caused by the abuse of process.' The essential elements of the tort are discussed in Prosser and Keeton, *The Law of Torts* § 121, at p. 898 (5th ed. 1984):

"'The essential elements of abuse of process, as the tort has developed, have been stated to be: first, an ulterior purpose, and second, a wilful act in the use of the process not proper in the regular conduct of the proceeding. Some definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of the process, is required; and there is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions. The improper purpose usually takes the form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself, such as the surrender of property or the payment of money, by the use of the process as a threat or a club. There is, in other words, a form of extortion, and it is what is done in the course of negotiation, rather than the issuance or any formal use of the process itself, which constitutes the tort.' [Footnotes omitted.]"

In *Volk v. Wisconsin Mortgage Assurance Co.*, 474 N.W.2d 40, 43 (N.D.1991) (citations omitted), we added:

"In other words, the gist of the tort of abuse of process is the misuse or misapplication of legal process to accomplish an end other than that which the process was designed to accomplish.... It is the purpose behind the use of the legal process that is controlling."

■ The defendants through affidavits presented evidence that they did not know Kummer personally, that they had been informed through other persons that he was involved in drug trafficking, and that they investigated and prosecuted him with the sole purpose of bringing a drug offender to justice. Kummer did not file a responsive affidavit, and attempts to rely upon concluso-

ry, unsupported allegations that his entrapment, standing alone, establishes the ulterior purpose required for abuse of process. However, we agree with the district court's response to that argument: "The fact that the Defendants' 'reverse drug sting' constitutes entrapment as a matter of North Dakota law does not mean the Defendants had another purpose than to enforce the law."

■ Abuse of process focuses upon misuse of the legal process to obtain a collateral advantage not directly involved in the proceeding itself. *See Volk, supra,* 474 N.W.2d at 43; *Stoner, supra,* 446 N.W.2d at 751; Prosser & Keeton, The Law of Torts 898 (5th ed. 1984). Kummer has failed to direct our attention to specific evidence in the record to demonstrate that the defendants abused the legal process to obtain a collateral advantage. Accordingly, he has failed to show that there is a genuine issue of material fact as to ulterior purpose, an essential element of abuse of process. Summary judgment dismissal on that claim was therefore warranted. *See Soentgen, supra,* 467 N.W.2d at 77; *Eckmann, supra,* 436 N.W.2d at 260.

■ On a closely related issue, the defendants argue that dismissal of Kummer's malicious prosecution claim was proper because Kummer failed to present any evidence supporting an inference that they acted with malice. Again, we agree.

The elements of malicious prosecution are:
1) Institution of a criminal proceeding by the defendant against the plaintiff;
2) Termination of the criminal proceeding in favor of the accused;
3) Absence of probable cause for the criminal proceeding; and,
4) Malice.

*Richmond v. Haney,* 480 N.W.2d 751, 755 (N.D.1992); Prosser & Keeton, *supra,* at 871. "Malice" is defined as " 'a primary purpose other than that of bringing an offender to justice.' " *Richmond, supra,* 480 N.W.2d at 755 (quoting Prosser & Keeton, *supra,* at 871). Thus, "malice" for purposes of a malicious prosecution action is essentially synonymous with the element of "ulterior purpose" in abuse of process. *See* Prosser & Keeton, *supra,* at 898 ("the two torts have the com-

mon element of an improper purpose in the use of legal process").

We again note that Kummer did not file a responsive affidavit to the motion for summary judgment, and did not draw the court's attention to specific evidence demonstrating that the defendants were motivated by some purpose other than bringing a suspected offender to justice. Kummer asserts, however, that an improper purpose can be inferred from the defendants' conduct:

"The mere fact that Weaver acted in opposition to established policy infers an ulterior purpose. The mere fact that Baumann acted in agency with Weaver infers an ulterior purpose.

"The mere fact that Goff, prior to the Supreme Court Mandate, moved *ex parte* to remove evidence infers an ulterior purpose and bad motive."

Kummer's allegations are conclusory and unsupported, and are insufficient to preclude summary judgment.

■ We find it unnecessary to revisit the question whether the officers' conduct in this case was improper. Overzealous police techniques which lead to a successful defense do not, without more, constitute malice or ulterior purpose sufficient to support a tort claim. Absent some evidence that the defendants were driven by some motive other than to bring an offender to justice, there can be no claim of abuse of process or malicious prosecution.

Kummer has failed to establish a genuine issue of material fact on malice. Summary judgment dismissal of the malicious prosecution claim was therefore appropriate.

Finally, Kummer asserts that the court erred in dismissing his claim for conversion of the $3,600. Kummer asserts that Goff's transfer of the funds to Baumann was not authorized and constituted conversion.

■ Conversion is the wrongful exercise of dominion over the personal property of another in a manner inconsistent with, or in defiance of, the owner's rights. *Harwood State Bank v. Charon,* 466 N.W.2d 601, 603 (N.D.1991); *Union State Bank v. Woell,* 434 N.W.2d 712, 720 (N.D.1989). However, an

act which might otherwise constitute a conversion is privileged when authorized by a court order which is valid on its face. *Woell, supra,* 434 N.W.2d at 720.

Goff received the drugs and money pursuant to a facially valid district court order entered after Kummer's conviction was reversed on appeal. Accordingly, Goff was entitled to exercise dominion over the property, including transferring it to Baumann, a law enforcement officer, for safekeeping. Because Goff's actions were in accordance with a facially valid court order, they were privileged and cannot serve as the basis for a conversion claim. Summary judgment on this claim was therefore appropriate.

Because our resolution of these issues is dispositive of the appeal, we need not reach the other issues raised by the parties. The judgment dismissing Kummer's claims is affirmed.

LEVINE, SANDSTROM and MESCHKE, JJ., concur.

VANDE WALLE, C.J., concurs in the result.