James Adam KEMP, Plaintiff and Appellant,

v.

CITY OF GRAND FORKS, North Dakota and Chester Paschke, Chief of Police, City of Grand Forks, North Dakota, Defendants and Appellees.

Civ. No. 940074.

Supreme Court of North Dakota.

Oct. 31, 1994.

Vincent J. Esades, third-year law student, for plaintiff and appellant; appearance by Henry H. Howe of Howe & Seaworth, Grand Forks.

Howard D. Swanson, City Atty., Grand Forks, for defendants and appellees; appearance by Kevin L. Erickson, third-year law student.

LEVINE, Justice.

James Adam Kemp appeals from a summary judgment dismissing his claims of malicious prosecution against the City of Grand Forks and negligent supervision against its police chief [collectively, the City]. We affirm.

James Kemp was arrested for obstructing a police officer as a result of an attempt by Grand Forks police officers to break up a party on July 4, 1987. *See City of Grand Forks v. Cameron*, 435 N.W.2d 700 (N.D. 1989). Kemp was found guilty in Grand Forks municipal court. He appealed to the county court and the jury returned a verdict of not guilty.

Kemp brought this action in October 1990. The City filed an answer to the complaint and some two years later, the parties filed cross-motions for summary judgment. The trial court denied Kemp's motion and granted the City's motion. On appeal, Kemp argues that summary judgment was improper because of disputed issues of material fact about probable cause and malice, two essential elements of his malicious prosecution claim. *See Kummer v. City of Fargo*, 516 N.W.2d 294 (N.D.1994).

■ Under Rule 56(e), NDRCivP, a party raises an issue of disputed fact, preventing summary judgment, by producing affidavits, sworn testimony, or other admissible evidence which shows that the parties are in disagreement over one or more material facts. In support of its summary judgment motion, the City produced three affidavits from competent witnesses which set out the facts supporting probable cause to prosecute Kemp. Grand Forks Police Officer Sholes stated in his affidavit and at Kemp's criminal trial that Kemp pinned Sholes' arm against a wall and refused to obey his order to leave the party. In their affidavits, Police Chief Chester Paschke and City prosecutor Dwight Kalash denied ill will in Kemp's prosecution and stated they believed that probable cause existed to prosecute Kemp.

In return, Kemp offered no responsive affidavits or other evidence to support his version of the facts nor has he pointed to any evidence in the record which would raise a material issue. Instead, Kemp argues that his denial of the law enforcement account of the events of July 4, 1987 at his criminal trial and other assertions in his pleadings and briefs raise an issue of material fact. We disagree.

■ The City's affidavits shifted the burden to Kemp "to set forth specific facts which raise at least a reasonable inference" that the officers did not have a reasonable belief in his guilt, that is, an absence of probable cause to prosecute him. *Larson v. Baer*, 418 N.W.2d 282, 286 (N.D.1988). Kemp had to present evidence or, at a minimum, direct

"the court's attention to evidence *in the record* by setting out the page and line in depositions or other comparable documents containing such information." *Berg v. Lien,* 522 N.W.2d 455, 457 (N.D.1994) (emphasis in original). Kemp did not set out the pages and lines in the transcript of the criminal trial which contain testimony establishing a dispute of material fact. Factual assertions in a brief do not raise an issue of material fact satisfying Rule 56(e). *First National Bank & Trust Co. v. Jacobsen,* 431 N.W.2d 284 (N.D.1988). Nor may a party merely reassert the allegations in his pleadings in order to defeat a summary judgment motion. *Schleicher v. Western State Bank,* 314 N.W.2d 293 (N.D.1982).

Accordingly, Kemp has failed to show that a factual dispute exists over probable cause, an essential element of malicious prosecution, and summary judgment dismissal on that claim was warranted. *Kummer,* 516 N.W.2d at 298. Because the issue of probable cause is dispositive, we need not address Kemp's argument on malice.

█ Kemp next argues that the trial court improperly dismissed his claim of negligent supervision against Police Chief Paschke. In order to prevail on his claim of negligent supervision, Kemp would have to prove that Paschke's negligent supervision of the police officers proximately caused Kemp some injury. *Carlson Homes, Inc. v. Messmer,* 307 N.W.2d 564 (N.D.1981). However, Kemp's injuries allegedly arose from his malicious prosecution, which we have dismissed. As probable cause existed for Kemp's prosecution, we affirm the summary dismissal of the negligent supervision claim. *See Golino v. City of New Haven,* 1994 WL 161302 (Conn.Super. Apr. 21, 1994).

█ Kemp also argues, for the first time on appeal, that Judge Lawrence Jahnke should have disqualified himself from hearing the summary judgment motions because he and the City's counsel were both attorneys in the same law firm at the time of Kemp's criminal prosecution in 1987. Canon 3(E)(1)(b) of the N.D.Code of Jud.Cond. says:

"(1) A judge shall disqualify himself or herself in a proceeding in which ...:

. . . . .

(b) ... a lawyer with whom the judge previously practiced law served during such association as a lawyer concerning the matter...."

█ Generally, an issue of judicial disqualification may not be raised for the first time on appeal. *Delzer v. United Bank of Bismarck,* 484 N.W.2d 502 (N.D.1992); *Wenzel v. Wenzel,* 469 N.W.2d 156 (N.D.1991). Relying on *Sargent County Bank v. Wentworth,* 500 N.W.2d 862 (N.D.1993) and *Matter of Estate of Risovi,* 429 N.W.2d 404 (N.D.1988), Kemp asserts that judicial disqualification does not have to be raised at the trial court level. However, in both *Wentworth* and *Risovi,* the facts and circumstances which supported the allegations of judicial bias were not and could not have been known at the time of the hearing below. *Wentworth,* 500 N.W.2d at 869; *Risovi,* 429 N.W.2d at 405. In the instant case, there is no dispute that Judge Jahnke's prior employment was or should have been known by Kemp at the time the matter was assigned to Judge Jahnke. Therefore, we conclude Kemp cannot now raise the issue of judicial bias because he did not raise it below.

█ Kemp also responds that because a judge has a mandatory duty to disqualify himself or herself under Canon 3(E), or face ethical sanction, counsel is not required to raise the issue of disqualification to the trial court in order to preserve the issue for appeal. That a judge may be investigated and disciplined for up to six years after alleged bias or misconduct, NDCC § 27–23–03(3), does not excuse Kemp from his duty to preserve the record for appeal. *See Egan v. D.M.G.,* 317 N.W.2d 115 (N.D.1982). Rules of judicial disqualification are designed to maintain public confidence in the impartiality of the judiciary and prevent the appearance of impropriety, not to provide parties with a tactical device to be used only after a judge has ruled against them. *See Thompson v. Buford Township,* 445 N.W.2d 303 (N.D. 1989).

Affirmed.

VANDE WALLE, C.J., and NEUMANN and MESCHKE, JJ., and EVERETT NELS OLSON, District Judge, concur.

EVERETT NELS OLSON, District Judge, sitting in place of SANDSTROM, J., disqualified.