OPINION

SWEET, District Judge.
Plaintiff Denise Katzman (“Katzman”) has moved pursuant to Local Rule 3(j) and Fed. R.Civ.P. 59 to reargue the Court’s opinion and order dated June 25, 1996 (the “Opinion”), on the grounds that the Court failed to consider relevant evidence and that the Court was biased in favor of counsel for Defendants Victoria’s Secret Catalogue, Leslie H. Wexner, Edward G. Razek, Cynthia Fedus and Betsy Hendrickson (collectively, “VSC” or “Defendants”). For the reasons set forth below, the motion to reargue will be denied.

Background

The nature of the parties, prior proceedings, and facts underlying this action are set forth in the Opinion, familiarity with which is assumed. The Opinion dismissed in its entirety Katzman’s First and Second Amended Complaints, imposed sanctions on Katzman and her counsel for the filing of a frivolous action, and ordered Plaintiff’s counsel, Howard Gotbetter, Esq. (“Gotbetter”), to pay Defendants’ legal fees in the amount of $5,000.
On July 8,1996, Plaintiff moved to reargue the Opinion. The motion was deemed fully submitted on July 24, 1996. Plaintiff’s motion for reargument is based on, inter alia, the contention that the Court’s comments to VSC’s counsel, Gregory P. Joseph, Esq. (“Joseph”), at a pre-oral argument conference *276 held on April 30, 1996 (the “April 30th Conference”), reflect the Court’s “special relationship” with Joseph, and require that the Court disqualify itself under 28 U.S.C. § 455(a) and remit the case to be assigned to another judge to hear and decide ab initio.
On July 26, 1996, Plaintiff filed a notice of appeal to the United States Court of Appeals for the Second Circuit from the judgment and Opinion.

Discussion

I. Jurisdiction
Although a Court generally lacks jurisdiction over an action after appeal has been taken, Weiss v. Hunna, 312 F.2d 711, 713-14 (2d Cir.), cert. denied, 374 U.S. 853, 83 S.Ct. 1920,10 L.Ed.2d 1073 (1968), a timely motion made under Rule 59 and not disposed of nullifies a subsequent notice of appeal. Rule 4(a)(4), F.R.A.P.; Lowrance v. Achtyl, 20 F.3d 529, 533 (2d Cir.1994). The motion before the Court is a timely motion to rear-gue, filed pursuant to Local Rule 3(j) and Fed.R.Civ.P. 59. Accordingly, the Court maintains jurisdiction to rule on Plaintiff’s motion.
II. Legal Standard
Local Rule 3(j) provides in pertinent part, “There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked.” Thus, to be entitled to reargument under Local Rule 3(j), a party must demonstrate that the Court overlooked controlling decisions or factual matters put before it on the underlying motion. See Ameritrust Co. Nat’l Ass’n v. Dew, 151 F.R.D. 237 (S.D.N.Y.1993); Fulani v. Brady, 149 F.R.D. 501, 503 (S.D.N.Y.1993); East Coast Novelty Co. v. City of New York, 141 F.R.D. 245, 245 (S.D.N.Y.1992); B.N.E. Swedbank, S.A v. Banker, 791 F.Supp. 1002, 1008 (S.D.N.Y.1992); Novak v. National Broadcasting Co., 760 F.Supp. 47, 48 (S.D.N.Y.1991); Ashley Meadows Farm, Inc. v. American Horse Shows Ass’n, 624 F.Supp. 856, 857 (S.D.N.Y.1985).
Local Rule 3(j) is to be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court. See Caleb & Co. v. E.I. DuPont De Nemours & Co., 624 F.Supp. 747, 748 (S.D.N.Y.1985). Neither may a party in its motion for reargument “advance new facts, issues or arguments not previously presented to the court.” Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb, Inc., No. 86 Civ. 6447, 1989 WL 162315, at *3 (S.D.N.Y.1989). In deciding a Local Rule 3(j) motion, the court must not allow a party use the motion to reargue as a substitute for appealing from a final judgment. See Morser v. AT & T Information Sys., 715 F.Supp. 516, 517 (S.D.N.Y.1989); Korwek v. Hunt, 649 F.Supp. 1547, 1548 (S.D.N.Y.1986).

III. Plaintiff Has Not Identified Law or Facts Overlooked By The Court

Plaintiff has failed to comply with the requirements of Civil Rule 3(j). Plaintiff does not identify controlling decisions or factual matters put before this Court and overlooked by it in rendering the Opinion.
With respect to the factual matter of the Court’s alleged bias in favor of YSC’s counsel, Joseph, this allegation was not put before the Court prior to the Court’s rendering of its Opinion, in spite of the ample opportunity Plaintiff had to do so. Plaintiff alleges that the Court’s comments at the April 30th Conference, attended by Plaintiffs counsel, demonstrated the Court’s bias. Plaintiffs counsel did not raise this allegation, or any objection to the Court’s continuing to hear the case, at the April 30th Conference, nor at oral argument of VSC’s motion to dismiss on May 1, 1996, nor at any time prior to the issuance of the Opinion dismissing Plaintiffs Complaint on June 25,1996. The Court thus could not have “overlooked” the purported special relationship between itself and Joseph, because Plaintiffs counsel never raised an argument that such a relationship existed until after the Court had rendered its Opinion and the Judgment had been docketed.
Plaintiff also argues that the Court’s refusal to play certain videotapes at the May 1, 1996 oral argument of VSC’s motion to dismiss and for sanctions constitutes grounds *277 for reargument. The tapes, however, were not overlooked by the Court. The transcripts of the tapes were in the record, and, as evidenced by the transcript of the April 30th Conference, the Court considered Got-better’s desire to play the tapes, but ruled that the tapes were irrelevant and would therefore not be played at oral argument.
As Plaintiff has failed to point to facts or law overlooked by the Court in rendering the Opinion, Plaintiffs motion for reargument will be denied. Nonetheless, the Court will address the recusal issue raised by Plaintiff. In spite of Plaintiffs failure to comply with Rule 3(j), and her consequent inability to reargue the Opinion, the allegations of bias made in support of Plaintiffs motion are sufficiently troublesome to warrant the Court’s attention.
IV. Plaintiff’s Recusal Application is Without Merit
Plaintiff argues that the Court should disqualify itself pursuant to 28 U.S.C. § 455, which provides:
(a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
Plaintiffs recusal motion utterly lacks merit. First, as a matter of law, the motion for recusal is untimely. Second, even if the motion were brought in a timely manner, there exist no grounds for the Court’s recusal of the instant matter.
A. The Application is Untimely
The Second Circuit has read a timeliness requirement into 28 U.S.C. § 455 by reading it in combination with 28 U.S.C. § 144, which expressly provides that a party moving for recusal make its motion in a timely fashion. See Apple v. Jewish Hosp. and Medical Ctr., 829 F.2d 326, 333 (2d Cir.1987); See also In re International Business Machines Carp., 618 F.2d 923, 932 (2d Cir.1980). Accordingly, a motion under 28 U.S.C. Section 455(a) must be made “ ‘at the earliest possible moment after obtaining knowledge of facts demonstrating the basis for such a claim.’ ” Gil Enterprises, Inc. v. Delvy, 79 F.3d 241, 247 (2d Cir.1996) (quoting Apple, 829 F.2d at 333).
The Second Circuit has explained the purpose of requiring that a recusal motion be promptly made as follows:
First, a prompt application affords the district judge an opportunity to assess the merits of the application before taking any further steps that may be inappropriate for the judge to take. Second, a prompt application avoids the risk that a party is holding back a recusal application as a fallback position in the event of adverse rulings on pending matters.
In re International Bus. Mach. Corp., 45 F.3d 641, 643 (2d Cir.1995). The actual time elapsed between events is not necessarily dispositive; rather, the court should consider factors such as whether:
(1) the movant has participated in a substantial manner in trial or pre-trial proceedings; (2) granting the motion would represent a waste of judicial resources; (3) the motion was made after the entry of judgment; and (4) the movant can demonstrate good cause for the delay.
Apple, supra, 829 F.2d at 334 (citations omitted) (emphasis added).
A delay of two months, such as here, has resulted in a finding of untimeliness where the movant knew the facts on which the motion to disqualify is based, yet failed to file the motion while the court continued to hear and decide matters in the case. See Apple, supra (two-month delay in filing recusal motion after movant learned of relevant facts rendered motion untimely); United States v. Int’l Brotherhood of Teamsters, 814 F.Supp. 1165, 1172 (S.D.N.Y.1993) (same); Datagate, Inc. v. Hewlett-Packard Co., 941 F.2d 864, 871-72 (9th Cir.1991) (six-week delay, during which time judgment entered, rendered recu-sal motion untimely), cert. denied, 503 U.S. 984, 112 S.Ct. 1667, 118 L.Ed.2d 388 (1992); Martin-Trigrma v. Lamen, 573 F.Supp. 1237, 1245 (D.Conn.1983) (12-day delay from time movant indicated probability of recusal motion to time motion was actually filed was excessive where court heard and scheduled matters in the interim).
*278 Furthermore, the Second Circuit has warned that a recusal motion made alter the entry of judgment is “presumptively untimely.” Apple, 829 F.2d at 334. See also E. & J. Gallo Winery v. Gallo Cattle Co., 967 F.2d 1280, 1295 (9th Cir.1992) (holding that a re-cusal motion made after entry of judgment was untimely; “[t]o hold otherwise would encourage parties to withhold recusal motions, pending a resolution of their disputes on the merits, and then if necessary invoke section 455 in order to get a second bite at the apple.”); First National Bank of Peoria v. Muller, 851 F.2d 916, 919 (7th Cir.1988), cert. denied., 490 U.S. 1007, 109 S.Ct. 1645, 104 L.Ed.2d 160 (1989) (holding that movant waived any grounds for making a recusal motion where movant knew the facts at a preliminary hearing and proceeded to trial “without objection and only raised the bias issue after Judge Lipkin verbally announced his ruling unfavorable to Rogers.”).
Failure to impose a timeliness requirement on motions brought under Section 455 “would authorize disgruntled litigants to bypass the strictures of section 144 by invocation of section 455 far along in a proceeding, after testing the temper of the court.” United States v. International Business Machines Corp., 475 F.Supp. 1372, 1377 (S.D.N.Y.1979), aff'd sub nom, In re International Business Machines Corp., 618 F.2d 923 (2d Cir.1980).
Katzman and her counsel now seek to do just that which the Second Circuit and other courts have warned against; namely, use a post-judgment recusal motion to try to get a second bite at the apple. Katzman’s recusal motion is based entirely on statements made by Judge Sweet at the April 30th Conference attended by Katzman’s counsel. As set forth above, counsel could have made this motion at any time during the two months which preceded the Court’s issuance of the Opinion on June 25, 1996.
B. There Exist No Grounds for Recusal
Recusal is appropriate under § 455(a) only where a judge’s “impartiality might reasonably be questioned.” Plaintiffs argument — that the Court’s comments during the April 30th Conference reveal the Court’s “special relationship” with Joseph — is unfounded. The conference was held immediately following entry of the Court’s Opinion, dated April 29, 1996, granting Court TV’s application to intervene in these proceedings and to televise the oral argument scheduled for May 1,1996. Defendants had strenuously opposed Court TV’s application, both in written submissions and at oral argument, conducted by Joseph. The purpose of the April 30th Conference, as noted in the Court’s decision granting Court TV’s application, was to ensure an appropriate procedure for the broadcast of the oral argument scheduled for May 1,1996.
It is against this background that the Court, having granted Court TV’s application over Joseph’s opposition, stated:
THE COURT: Yes, so, Greg [Joseph] I owe you. How, would you like this done, other than not at all?
MR. JOSEPH: Well, Judge, we will do whatever Ms. Orr [of Court TV] says is appropriate. All we would like is to argue our motions....
The above comment does not give rise to an inference of a “special relationship,” between the Court and Joseph, such that a reasonable person would question the trial judge’s impartiality regarding the underlying substantive motions. Moreover, any such belief by Plaintiffs counsel could have been quickly dispelled had he simply asked the Court or Joseph whether they had any personal, social or other relationship prior to this case, which they had not. In April of 1995, Joseph and I, along with several others, spoke on a panel on the subject of expert evidence, sponsored by the American College of Trial Lawyers. In the course of those proceedings, informal comments were made relating to a decision which I had rendered, one of which I construed as approving my decision. Accordingly, in the informal conference setting on April 30 (which was, however, transcribed) I addressed Joseph as “Greg.” Plaintiffs reliance on the comments during that conference provide insufficient grounds for recusal.
*279 Neither do the Court’s additional statements cited by plaintiff support recusal.[1] The Court’s refusal to allow the airing of certain videotapes about which Plaintiff complains is no more than an evidentiary or procedural ruling and cannot form the basis for a recusal motion. As set forth above, the Court had a transcript of the videotapes and merely held that they would not be shown dining oral argument. This ruling does not suggest a “special relationship” between the Court and Joseph.
A single adverse evidentiary or procedural ruling does not support an inference of a judge’s special relationship with counsel such that recusal would be mandated. Such judicial rulings are reviewable by the Court of Appeals and Plaintiffs criticisms thereof fail to provide a basis for disqualification. See Liteky v. United States, 510 U.S. 540, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994) (criticisms of judicial rulings “almost never constitute valid basis for a bias or partiality motion”). See also In re Int’l Business Machines Corp., 45 F.3d at 643 (2d Cir.1995).
The fact the Court asked in jest, “Is he sophisticated or what?”, in response to Joseph’s familiarity with clip-on microphones, is likewise not suggestive of any bias or special relationship. To the extent that Plaintiff seriously contends that this comment shows the Court’s admiration of Joseph, a judge’s expression of admiration of counsel is not a basis for disqualification. As this Court has stated:
It would be inappropriate to permit a misconstruction of a hortatory comment between the Court and trusted counsel during informal settlement discussions to impede, via a recusal motion brought in the eve of trial a final resolution to these long, drawn out proceedings.
Monaghan v. SZS S3 Associates, L.P., 1995 WL 10843 at *7 (S.D.N.Y. Jan. 12, 1995).
In sum, Katzman and her counsel have failed to come forward with facts in support of their speculative, last-ditch argument that the Court should have recused itself because of a special relationship with Joseph.
The legal authority cited by Plaintiff does not support recusal under the facts present here. In United States v. Lovaglia, 954 F.2d 811 (2d Cir.1992), the Second Circuit affirmed a trial judge’s denial of the movant’s recusal motion, despite being timely made by defense counsel upon counsel’s ascertaining that the judge had previously had a personal friendship with one of the alleged victims of the defendant’s criminal activity. In Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988), the Court granted a recusal motion where the judge had a direct fiduciary interest in the outcome of the litigation, as the University of which the judge was a trustee stood to gain financially if he ruled in favor of one of the parties to the litigation. The Court in In re International Business Machines Corp., 45 F.3d 641 (2d Cir.1995) granted a recusal motion where the trial judge made extrajudicial statements to the media indicating a clear displeasure with one of the parties (IBM); had repeatedly ruled against IBM; and refused to recognize the government’s consensual dismissal of its lawsuit against IBM.
Conclusion
For the reasons stated above, Plaintiffs motion for reargument is hereby denied.
It is so ordered.

. The Court’s comment that "I don’t care about the great unwashed out there,” which has nothing to do with any proof of a “special relationship” with counsel, or of any extrajudicial conduct, is perhaps best put in context by his decision granting Court TV’s application to in-terrene. In that decision, the Court, in a case of apparent first impression and over defendants' opposition, found a constitutional right of the media to televise civil judicial proceedings.